of $1.982 46, alleged to be due the plaintiff for laborers furnished the defendant to work upon the North Pacific Railway; and the sum of $365 33 damages for a failure on the part of the defendant to furnish transportation to take said laborers and their freight from said railway to the town of Roseburg. The second is brought to recover a balance of $654 26 and the sum of $142 damages, alleged to be due the plaintiffs and incurred in like manner.

In each case the contract sued upon, instead of being pleaded in the complaint according to its tenor or legal effect, is annexed thereto as an exhibit. In each complaint the allegation in regard to the failure to furnish transportation is numbered six, and commences: "And for a further breach of defendant's said contract plaintiff alleges that defendant failed," etc. No facts are stated except the failure aforesaid to show that the plaintiffs sustained damage by reason thereof.

The motions to strike out are aimed at these allegations as well as the ones making the contracts exhibits, and the contracts themselves. As to the allegations concerning the contracts, the motions must be allowed. In pleadings in actions at law, there are no such things as exhibits. If a party desires to complain upon or plead a writing he must state it in his complaint or plea according to its tenor or legal effect. Such has always been the ruling and practice in this court.

As to the allegations numbered six, they should have been pleaded not as "a further breach" of the contract, but as a separate and further cause of action. The practice of assigning more than one breach in the same count or statement of a cause of action, prior to the Code, was permitted only in covenant upon a deed and by statute in debt upon bond with a condition, or to secure covenants. When an ordinary contract contains various substantive and independent provisions—as in this case, to pay for labor furnished, and to furnish transportation to laborers—if there is a breach or failure to perform more than one of the stipulations, there are distinct causes of action, requiring different proofs, and which may admit of different defenses, and therefore should be stated separately. This cause of action not being pleaded separately is liable to be stricken out on motion. Code, Or. 163. But these allegations are not liable to be stricken out upon the ground assigned in the motion as being "immaterial and irrelevant." True, no special damage could be proven or recovered under them, because no facts showing such damage are stated in them, as that the plaintiffs by reason of such failure were compelled and did furnish such transportation and pay for the same so much. Still the allegations contain an averment of a breach of the respective contracts, for which, if found true, the plaintiffs would be entitled to recover nominal damages. So much of the motions is denied.

OHIO, The.  See Case No. 13,716.

OHIO (MERCY v.).  See Case No. 9,457.

OHIO, The (UNITED STATES v.).  See Cases Nos. 15,914 and 15,915.

OHIO, The (WILSON v.).  See Case No. 17,825.

## Case No. 10,470.

### In re OHIO & M. RY. CO.

Circuit Court, E. D. Missouri.  1876.

[Cited in Central Trust Co. v. Wabash, St. L. & P. Ry. Co., 29 Fed. 624. Nowhere reported. The proper title of this case is Garrett v. Ohio & M. Ry. Co. The bill of complaint was filed November 20, 1876. The court did not file a written opinion.]

OHIO & M. R. CO. (DIMPFEL v.).  See Case No. 3,918.

OHIO & M. R. CO. (KING v.).  See Cases Nos. 7,800 and 7,801.

## Case No. 10,471.

### In re OHIO CENT. R. CO.

[Cited in Taylor v. Philadelphia & R. R. Co., 7 Fed. 378. Nowhere reported; opinion not now accessible.]

OHIO LIFE & TRUST CO. (BELL v.).  See Case No. 1,260.

OHIO LIFE INS. CO. (BELL v.).  See Case No. 1,261.

## Case No. 10,472.

### OHL v. EAGLE INS. CO.

[4 Mason, 172.] [1]

Circuit Court, D. Massachusetts.  Oct. Term, 1826.

MARINE INSURANCE—PAROL TITLE TO VESSEL DIFFERENT FROM THAT SHOWN IN PAPERS.

If a policy of insurance is underwritten on a ship, the assured cannot set up a parol title to the whole of the ship, when the ship's papers on the voyage prove a joint ownership in himself and the master. In such case he can recover only for his own moiety in case of loss.

[Cited in U. S. v. Bartlett, Case No. 14,532; Dowling v. The Reliance, Id. 4,042.]

Assumpsit on a policy of insurance of 2500 dollars on the schooner Warren, at and from Philadelphia to Alvarado, valued at 2500 dollars. Loss averred to be total by perils of the seas. (2) Count, on a policy of 1200 dollars on the freight on board of the same vessel, valued at 1200 dollars. Loss averred to be total in like manner. (3) Count, money had and received. Plea, the general issue. At the trial the plaintiff, to establish his ownership of the schooner, produced a bill of sale from Thomas Hendrich and others to himself ([John F.] Ohl) and one Remington, the master of the ship, dated 1st of June, 1824, and a register of the

[1] [Reported by William P. Mason, Esq.]